IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRTICT OF MISSOURI
SOUTHWESTERN DIVISION

| | | |
|---|---|---|
| GLENDY TOLBERT, JR., | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| v. | ) | Case No. 3:21-cv-5099 |
| | ) | |
| CRETE CARRIER CORPORATION | ) | |
| D/B/A SHAFFER TRUCKING, | ) | |
| | ) | |
| and | ) | |
| | ) | |
| MARK SWINDLE, JR., | ) | |
| | ) | |
| SERVE AT: | ) | |
| 2619 Janesville Road | ) | |
| Oak Grove, Louisiana 71263 | ) | |
| | ) | |
| Defendants. | ) | |

## PLAINTIFF'S FIRST AMENDED COMPLAINT

COMES NOW, GLENDY TOLBERT, JR., by and through counsel of record, and for his First Amended Complaint against Defendants Crete Carrier Corporation and Mark Swindle, allege and state as follows:

### I. PARTIES

1. Plaintiff is a resident of Fort Bend County, Texas.

2. **MARK SWINDLE, JR.** is a citizen and resident of West Carroll Parish, Louisiana who may be served at his last known address of 2619 Janesville Road, Oak Grove, Louisiana 71263 or wherever he may be found.

3. **CRETE CARRIER CORPORATION** improperly named CRETE CARRIER CORPORATION D/B/A SHAFFER TRUCKING is a Foreign For-Profit Corporation who has been served and has made an appearance herein. No further service is requested at this time.

## II. FACTS COMMON TO ALL COUNTS

4. On or about November 7, 2018, Plaintiff was sleeping in the berth of his tractor trailer at a private truck stop in Joplin, Missouri. At the time in question, **MARK SWINDLE** was operating an 18-wheeler when he made a wide turn and struck Plaintiff's vehicle resulting in serious and disabling injuries to the Plaintiff.

5. At such time, **MARK SWINDLE,** Defendant was working in the course and scope of his employment with **CRETE CARRIER CORPORATION**.

6. On information and belief, **MARK SWINDLE,** Defendant was incompetent to drive a commercial vehicle by reason of age inexperience, habitual recklessness or otherwise.

7. **CRETE CARRIER CORPORATION** had reason to know of **MARK SWINDLE,** Defendant's incompetence.

8. **CRETE CARRIER CORPORATION** entrusted the subject vehicle to **MARK SWINDLE,** Defendant.

9. At the time of the accident made the basis of the suit, **MARK SWINDLE,** Defendant, was operating the aforementioned vehicle in a negligent and careless manner in the following respects which, among others, may be shown at the trial of this cause:

   a) In failing to keep a proper lookout;

   b) In failing to yield:

   c) Driver inattention;

   d) In failing to operate the vehicle in a reasonable and prudent manner.

10. Each of these acts and omissions, singularly or in combination with others, constitute negligence which was the proximate cause of this incident, and the injuries sustained by Plaintiff, including but not limited to:

a) The physical pain and mental anguish sustained by Plaintiff from date of injury to the time of trial:

b) The physical pain and mental anguish that Plaintiff will suffer in the future;

c) Loss of earnings sustained by Plaintiff from date of injury to time of trial;

d) Loss of earnings and earning capacity reasonably anticipated to be suffered by Plaintiff in the future;

e) Reasonable and necessary medical expenses incurred by Plaintiff in the treatment of Plaintiff's injuries from date of injury to time of trial;

f) Reasonable and necessary medical expenses reasonably anticipated to be sustained by Plaintiff in the future for treatment of Plaintiff's injuries;

g) Past and future physical disfigurement; and

h) Past and future physical impairment;

## COUNT 1
## NEGLIGENCE

11. Plaintiff incorporates herein by reference the allegations in paragraphs 1 through 10, above.

12. The above-described collision was proximately caused by the negligence of Defendant **CRETE CARRIER CORPORATION** as a result of its negligent entrustment of the subject vehicle to **MARK SWINDLE,** Defendant when they knew or should have known that he was not a safe driver.

13. **MARK SWINDLE,** Defendant was an agent and/or servant of Defendant **CRETE CARRIER CORPORATION.** As such, Defendant **CRETE CARRIER CORPORATION** is responsible for the conduct of **MARK SWINDLE,** Defendant due to the master-servant relationship which existed, and under the doctrine of Respondeat Superior.

## JURY DEMAND

Plaintiff demands jury on all claims asserted herein.

WHEREFORE, Plaintiff prays for a joint and several judgment against Defendants in an amount that is fair and reasonable for his damages, costs of Court, pre-judgment and post judgment interest at the legal rate, and demand for judgment for all other relief deemed just and proper.

Respectfully submitted,

**NAVA LAW GROUP, P.C.**

*/s/ Mark B. Levin*
**MARK B. LEVIN**
TBN: 12254020
4909 Bissonnet, Suite 100
Bellaire, Texas 77401
(713) 661-9900
(713) 666-5922 Fax
Email: mlevin@navalawgroup.com

-And-

**BUCHANAN, WILLIAMS & O'BRIEN, P.C.**

*/s/* Andrew S. Buchanan
Andrew S. Buchanan
James B. O'Brien
1105 E. 32nd Street, Suite 5
Joplin, MO. 64804
Telephone: 417-623-8220
FAX: 417-781-9706
E-mail: abuchanan@bwoattorneys.com
E-mail: jobrien@bwoattorneys.com

**ATTORNEYS FOR PLAINTIFF**

## CERTIFICATE OF SERVICE

   The undersigned certifies that a true and correct copy of the foregoing was sent via the Court's electronic filing system, this 4th day of January, 2022 to:

J. Barrett Deacon
Mayer LLP
2434 E. Joyce Blvd., Ste. 6
Fayetteville, AR 72703
bdeacon@mayerllp.com
*Attorney for Defendant Crete Carrier Corporation*

                      Mark B. Levin